**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MARGEAUX GREEN, an individual, | No. |
| Plaintiff, | |
| v. | NOTICE OF REMOVAL |
| CITY OF SEATTLE, a Washington municipal corporation; BALLARD TERMINAL RAILROAD COMPANY, LLC, a Washington limited liability company, | |
| Defendants. | |

TO:      CLERK OF THE COURT

AND TO:  PLAINTIFF MARGEAUX GREEN

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Ballard Terminal Railroad Company, LLC ("BDTL") hereby removes to the United States District Court for the Western District of Washington the matter filed in King County Superior Court under Cause No. 22-2-02927-7 SEA, styled *Margeaux Green v. City of Seattle; Ballard Terminal Railroad Company, LLC*. See 28 U.S.C. § 1446(a).

A true and correct copy of the Summons and Complaint are attached as **Exhibit A** and **Exhibit B** to this Notice of Removal. The state court Complaint

NOTICE OF REMOVAL- 1

was filed on March 1, 2022, and service on behalf of both Defendants was accepted on March 8, 2022. See 28 U.S.C. § 1446(b)(1).

## FEDERAL QUESTION

The Complaint provides that Plaintiff was crossing a railroad track on her bicycle when her tire became lodged in the railroad track and ejected her from her bicycle. The stated cause of action is Negligence, under Washington law.

District courts shall have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

Normally, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–1043 (9th Cir. 2009). However, an exception is when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *B&S Holdings, LLC v. BNSF Ry. Co.*, 889 F.Supp.2d 1252, 1255 (E.D. Wash. 2012) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)).

Under complete preemption, if "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' " then "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *B&S Holdings, LLC v. BNSF Ry. Co.*, 889 F.Supp.2d at 1255 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

"The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." *B&S Holdings*, 889 F.Supp.2d at 1256 (quoting *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)).

NOTICE OF REMOVAL- 2

"The Interstate Commerce Act, ch. 104, 24 Stat. 379 (1887), which, as amended, still governs federal regulation of railroads, has been recognized as among the most pervasive and comprehensive of federal regulatory schemes." *B&S Holdings*, 889 F.Supp.2d at 1256 (quoting *City of Auburn v. United States*, 154 F.3d 1025, 1029 (9th Cir.1998)). "For more than a century, the Supreme Court has made it clear that under the U.S. Constitution's Supremacy Clause (Art. VI, cl. 2), state laws or regulations that are inconsistent with the agency's plenary authority or with the Congressional policy reflected in the Interstate Commerce Act are preempted." *Id*.

>The Federal Railroad Safety Act provides, in pertinent part:
>(a) National Uniformity of Regulation—
>>(1) Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable.
>>(2) A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order—
>>>(A) is necessary to eliminate or reduce an essentially local safety or security hazard;
>>>(B) is not incompatible with a law, regulation, or order of the United States Government; and
>>>(C) does not unreasonably burden interstate commerce.
>(b) Clarification Regarding State Law Causes of Action.—
>>(1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party—
>>>(A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to

railroad security matters), covering the subject matter as provided in subsection (a) of this section;
(B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or
(C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

49 U.S.C. § 20106 – Preemption.

Thus, the FRSA expressly preempts state and local regulations as to railroad safety, and also preempts state common law tort claims, including negligence. See *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 662 – 664 (1993); *Norfolk Southern Ry. Co. v. Shanklin*, 529 U.S. 344 (2000); *Murrell v. Union Pacific R.R. Co.*, 544 F. Supp.2d 1138, 1148 (D. Oregon 2008). Section 20106 will preempt any State law, whether statute or common law, that concerns the same subject matter as the regulations in the rule. *Id.*

The Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 10501 *et seq.*, preempts state regulation and common law claims concerning the "construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or sidetracks or facilities." *B&S Holdings, LLC,* 889 F.Supp.2d at 1259-61 (quoting 49 U.S.C. § 10501(b)(2)).

In the present matter, 49 U.S.C. § 20106 and 49 U.S.C. § 10501 completely preempt a state common law negligence claim pertaining to the design, maintenance, and safety of a rail – pathway crossing, and convert the claim, in effect, to a federal cause of action. See *B&S Holdings, LLC,* 889 F.Supp.2d at 1255-56.

## CONSENT TO REMOVAL

Co-defendant City of Seattle consents to this removal.

**SERVICE OF NOTICE**

Notice of this removal is being filed with King County Superior Court and is being provided to all parties. 28 U.S.C. § 1446(b)(1).

Submitted this 24th day of March, 2022,

**KSB LITIGATION, P.S.**

By: /s/ WILLIAM C. SCHROEDER
William C. Schroeder, WSBA No. 41986
510 West Riverside Ave., 3rd Floor
Spokane, Washington, 99201
wcs@KSBLit.legal
Attorneys for Defendants City of Seattle
and Ballard Railroad Company, LLC